# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TRAMALE J. HOOSER,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN C. HARRISON,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)    Civ. No. 2:24-cv-02813-MSN-tmp<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

On October 23, 2024, Tramale J. Hooser filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1, "Petition.") Hooser asserted that there are errors in his federal sentence calculation and asked the Court to order his release to prerelease custody. (*See id.* at PageID 1, 6–8.) Hooser filed multiple motions requesting the same relief. (*See* ECF Nos. 9–11.)

Hooser, however, has been released to Detroit Residential Reentry Management ("RRM"). *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Dec. 4, 2025). On June 26, 2025, Hooser notified the Court of his updated mailing address in Indianapolis, Indiana. (ECF No. 12.) With Hooser's release to RRM, Hooser's habeas claim in the Petition appears to be moot, and so it is unclear whether the Court could order any remedy in response to the Petition. For that reason, the Court, on August 19, 2025, ordered Hooser to: (1) show cause as to whether any issue remains in his sentence calculation; and (2) explain in writing why this Court should not dismiss the Petition as moot. (ECF No. 13 at PageID 100–01, "August 19 Order.") The Court

warned Hooser that "[f]ailure to respond to the Court's order within thirty (30) days of entry shall result in the dismissal of the Petition under Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id*. at PageID 101.)

Hooser has failed to comply with the August 19 Order, and the time to do so has expired. *See* Fed. R. Civ. P. 41(b). Accordingly, the Court **DISMISSES** the § 2241 Petition (ECF No. 1) **WITHOUT PREJUDICE** for failure to comply with the August 19 Order and for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Petitioner's other pending motions, ECF Nos. 9, 10, and 11, are accordingly **DENIED AS MOOT.** The Court also **DENIES** a certificate of appealability because reasonable jurists would not debate whether Hooser has failed to prosecute his case by failing to comply with the August 19 Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 15-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) ("The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case").

**IT IS SO ORDERED**, this 4th day of December, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE